EDWARD A. BRADEN, SURVIVING PARTNER, &c., v. ABRAHAM ROSENSTONE ET AL.

Argued February 27. 1912—Decided July 12, 1912.

The words "immediately thereafter" contained in the provision of the statutory bond required to be given under section 2 of the Insolvent Debtors act (2 *Comp. Stat., p.* 2825), by an insolvent debtor petitioning for the benefit of the insolvent laws, that he, the debtor, will, if refused a discharge, surrender himself immediately thereafter to the sheriff or keeper of the jail of said county, construed to have the meaning of "directly" or "at once," after the debtor's discharge has been refused.

On rule to show cause.

Before Justices BERGEN, VOORHEES and KALISCH.

For the plaintiff, *Melosh & Morten.*

For the defendants, *Bilder & Bilder.*

The opinion of the court was delivered by

KALISCH, J. In an action brought upon an insolvent bond by the plaintiff against Abraham Rosenstone, principal debtor, and Hirsch Hertzberg and Benjamin S. Rosenstone, sureties, defendants, the trial judge at the close of the testimony directed a verdict in favor of the plaintiff and against the defendants for $3,220.40.

Upon application of the defendants' attorney, a rule to show cause was allowed why the verdict should not be set aside and a new trial granted.

The condition of the bond upon which the plaintiff's declaration is founded is as follows:

"Now, therefore, if the said Abraham Rosenstone shall appear before the next Court of Common Pleas, to be holden in the county aforesaid, and petition the said court for the benefit of the insolvent laws of this state, and shall in all things comply with the requirements of the said insolvent laws, and shall appear in person at every subsequent court until he shall be duly discharged as an insolvent debtor, and if refused a discharge, surrender himself immediately thereafter to the sheriff or keeper of the jail of the said county, there so to remain until discharged by due course of law, then this obligation to be void, otherwise to remain in force."

The plaintiff introduced in evidence the record of the Court of Common Pleas which recited, among other things, that the said Abraham Rosenstone, having appeared on said day and the taking of evidence in said matter *having been duly adjourned from time to time, until it was duly concluded,* &c., the court ordered that he be refused his discharge and that he be remanded, &c.

The order was made on July 28th, 1911. It was conceded at the trial and the fact established is that the insolvent debtor did not surrender himself to the sheriff or keeper of the jail immediately after said order was made by the court, but that on the 1st day of August, 1911, he did surrender himself to the sheriff. It was further an established fact in the case that the plaintiff commenced an action upon the bond for breaches thereof on the 31st day of July, 1912. One of the breaches of the bond set out in the plaintiff's declaration, and which was made the basis of the direction of a verdict for the plaintiff, was the failure of the insolvent debtor, immediately after the order of the court was made refusing to discharge him, to surrender himself to the sheriff or keeper of the jail of Hudson county.

The defendants attempted to set up as a defence to the plaintiff's right of recovery that after the conclusion of the examination, under the debtor's petition, on July 14th, 1911, the court, upon application of the debtor's counsel, set July 21st, 1911, on which it would hear arguments of counsel, and that after such arguments were heard the court announced that it would determine the application of the debtor during the following week without fixing any day for that purpose and would notify the attorneys of the respective parties when it would be ready to render such determination, and that thereupon, without any notice to the debtor or his attorney, rendered a decision refusing his discharge which was then entered in the minutes of the court, and that the debtor had no notice of such decision or rule being entered until the evening of July 31st, 1911, and that immediately thereafter, on August 1st, 1911, he surrendered himself to the sheriff or keeper of the jail of Hudson county, &c., which defence the court overruled, and we think properly so. It is elementary law that a judicial record bespeaks absolute verity and may not be impugned collaterally. If the proceedings before the Court of Common Pleas were irregular they were open to an attack upon a direct review.

But, it is insisted by counsel for defendants, that whether there was a breach of the condition of the bond became under all the existing circumstances a question of fact for the jury to determine and not for the court. The substance of the defendants' argument to support this contention is, that the words "immediately thereafter" must be construed to mean within a reasonable time, and what is a reasonable time must depend upon surrounding circumstances and presents a jury question. The construction contended for is palpably unsound. The word "thereafter" refers to the time of the making of the order and not to the time when the debtor may claim to have been first apprised of such order. The legislature has not seen fit to leave it uncertain when such surrender shall take place, but, on the contrary, it has declared, in most emphatic terms, that the surrender shall be made "immediately" after the order refusing the discharge. The use of the

word "immediately" in the statute is equivalent to that of "directly" or "at once." To adopt the defendants' construction would require us to give a meaning to plain words different from the sense in which they are generally used and understood. No good reason has been advanced why the general and accepted meaning of these words should be disregarded and a meaning given to them which they do not bear and which was not within the contemplation of the legislature when it adopted them. It was never intended that it should lie within the discretion of the debtor when refused a discharge to choose the time of his surrender. Furthermore, it has been generally understood by the bar and it has been the common practice from time immemorial for the debtor to be present when the order either granting or refusing a discharge was made, and if refused a discharge, to surrender himself immediately to the sheriff or keeper of the jail. The presumption arising from the record is that the debtor was present when the order was made. We find that there was no legal excuse presented for the failure of the debtor to surrender himself to the sheriff or keeper of the jail immediately after the order was made refusing his discharge, and that therefore the direction of a verdict for the plaintiff against the defendant was fully warranted by the evidence.

The rule to show cause will be discharged.